IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODGER MATTHEW OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No.   16-286 |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 9 and

11).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12).   After

careful consideration of the submissions of the parties, and based on my Opinion set forth below,

I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's

Motion for Summary Judgment. (ECF No. 11).

## I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social

Security denying his application for disability insurance benefits pursuant to the Social Security

Act.   Plaintiff filed his application alleging he has been disabled since January 28, 2012. (ECF

No. 7-7, p. 10).   Administrative Law Judge ("ALJ"), John Kooser, held a hearing on February 24,

2015.   (ECF No. 7-4).   On July 13, 2015, the ALJ found that Plaintiff was not disabled under the

Social Security Act.   (ECF No. 7-3, pp. 5-19).

After exhausting all of his administrative remedies, Plaintiff filed this action.   The parties

have filed Cross-Motions for Summary Judgment.   (ECF Nos. 9 and 11).   The issues are now

ripe for review.

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn
W. Colvin.

**II.** **LEGAL ANALYSIS**

    **A.** **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing Opinion Evidence as it relates to the Residual Functional Capacity ("RFC") [2]

Plaintiff asserts the ALJ erred in weighing the mental opinion evidence[3] when formulating his RFC.[4] (ECF No. 11). Specifically, Plaintiff argues that the ALJ erred in discounting the opinions of his treating psychiatrist, Dr. Gelfand. (ECF No. 10, pp. 13-17). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

[3] Plaintiff does not take issue with the physical opinion evidence. *See,* ECF No. 10, n. 1. As a result, my discussion is limited accordingly.

[4] The ALJ found that Plaintiff has the RFC to perform light work but with certain limitations. (ECF No. 7-3, p. 11).

treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff suggests that the ALJ's determination is deficient because the ALJ does not give sufficient consideration to Dr. Gelfand's statements in his November 2013 report.

(ECF No. 10, pp. 14-15). An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The ALJ did just that. The ALJ specifically gave Dr. Gelfand's opinions little weight because they were internally inconsistent, inconsistent with other medical evidence of record and inconsistent with the record as a whole. (ECF No. 7-3, p. 16). After a review of the record, I find the reasons given by the ALJ in weighing Dr. Gelfand's opinions to be valid and appropriate (internally inconsistent and inconsistent with other evidence of record). *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find the reasons to be sufficiently explained and supported by substantial evidence. (ECF No. 7-3, pp. 5-19). Therefore, I find no error in this regard in this regard on the part of the ALJ.[5]

### C. Plaintiff's Credibility

Next, Plaintiff argues that the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints. (ECF No. 10, pp. 17-19). In evaluating whether a plaintiff's statements are credible, the ALJ will consider all evidence including that from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily

---

[5]As part of his argument, Plaintiff suggests that the ALJ incorrectly cited Dr. Gelfand's June 2013 treatment notes for support that Plaintiff's intermittent explosive disorder was controlled. (ECF No. 10, pp. 16-17). Upon review of the record, however, the June 2013 treatment notes specifically state: "AXIS 1: DISORDER, INTERMITTENT EXPLOSIVE (312.34) Today's Impression: CONTROLLED". (ECF No. 7-10, p. 20). Additionally, under Physician's comments the notes state: "The temper is controlled and moods are stable." *Id.* Thus, I find Plaintiff's suggestion to be incorrect.

activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above at length. (ECF No. 7-3, pp. 5-19). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be contradictory. *Id.* In particular, the ALJ found that Plaintiff's activities of daily living were "relatively full and independent" and "inconsistent with a disabling level of function." (ECF No. 7-3, p. 10). Plaintiff suggests this was unreasonable. (ECF No. 10, pp. 18-19). I disagree. The ALJ cited to the Function Report completed by Plaintiff as support. (ECF No. 7-3, p. 15). I find the ALJ accurately cited to the same. (ECF No. 7-8, pp. 26-35).

Furthermore, contrary to Plaintiff's assertion, the ALJ did not use the fact that Plaintiff has not had any surgeries nor require inpatient treatment as a "dispositive" issue as to Plaintiff's credibility. (ECF No. 10, p. 18). It was just one of many factors listed by the ALJ to support his conclusion that Plaintiff received fairly conservative treatment. (ECF No. 7-3, p. 15). Additionally, prior work history and efforts to work are relevant factors to consider in weighing a plaintiff's credibility. 20 C.F.R. §404.1529(c); SSR 96-7p. Thus, the ALJ's consideration of the same and the inferences drawn from Plaintiff's work history are not unreasonable.

Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 10-3, pp. 5-19). The ALJ properly

evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p.   Therefore, I find no error in this regard.

      Consequently, remand is not warranted.   An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODGER MATTHEW OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No.   16-286 |
| | ) | |
| NANCY A. BERRYHILL,[6] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 8th day of February, 2018, it is ordered that Plaintiff's Motion for

Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF

No. 11) is granted.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.